UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| APB Trading, LLC; Cosmos Granite (West) LLC; Cosmos Granite (South East) LLC; Cosmos Granite (South West) LLC; Curava Corporation; DivyaShakti Granites Limited; DivyaShakti Limited; Marudhar Rocks International PVT Ltd; Overseas Manufacturing and Supply Inc. d/b/a Merrimack Stone Industries; Quartzkraft LLP; and Stratus Surfaces LLC<br><br>Plaintiffs<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Court No. 23-00029<br><br>Complaint |

# COMPLAINT

Plaintiffs APB Trading, LLC; Cosmos Granite (West) LLC; Cosmos Granite (South East) LLC; Cosmos Granite (South West) LLC; Curava Corporation; DivyaShakti Granites Limited; DivyaShakti Limited; Marudhar Rocks International PVT Ltd; Overseas Manufacturing and Supply Inc. d/b/a Merrimack Stone Industries; Quartzkraft LLP; and Stratus Surfaces LLC, by and through their attorneys, alleges and states the following claims against the defendant United States.

*APB Trading, LLC et al v. United States*
Court No 23-00029
February 21, 2023
Page 2

## JURISDICTION

1. This action is brought pursuant to the authority of 19 U.S.C. §1516a(a)(2)(A)(i)(I), 19 U.S.C. §1516a(a)(2)(B)(iii), and 28 U.S.C. §1581(c) to contest the final results issued by the United States Department of Commerce, International Trade Administration (ITA) in the §751 administrative review of, *Certain Quartz Products from India* as amplified by the Issues and Decision Memorandum for the Final Results, which was incorporated by reference in the Final Results *Federal Register* notice published at 88 Fed. Reg. 1,188 (January 9, 2023).

2. The United States Court of International Trade has exclusive jurisdiction over this action pursuant to 28 U.S.C. §1581(c) because the action is commenced under §516A of the Tariff Act of 1930, 19 U.S.C. §1516a.

## STANDING

3. Plaintiffs APB Trading, LLC; Cosmos Granite (West) LLC; Cosmos Granite (South East) LLC; Cosmos Granite (South West) LLC; Curava Corporation; Overseas Manufacturing and Supply Inc. d/b/a Merrimack Stone Industries; and Stratus Surfaces LLC are U.S. importers of subject merchandise and actively participated in the administrative review underlying this Court action. Plaintiffs DivyaShakti Granites Limited; DivyaShakti Limited; Marudhar Rocks

*APB Trading, LLC et al v. United States*
Court No 23-00029
February 21, 2023
Page 3

International PVT Ltd; and Quartzkraft LLP Indian producers and exporters of subject merchandise and actively participated in the administrative review underlying this Court action.

    4. Pursuant to 19 U.S.C. §1516a(2), all plaintiffs are interested parties as defined in 19 U.S.C. §1677(9)(A) as all plaintiffs were parties to the proceeding in connection with which this matter arises.

    5. Plaintiffs have standing under 28 U.S.C. §2631(c) to commence this action.

## TIMELINESS OF THIS ACTION

    6. Plaintiffs commenced this action by filing a Summons with this Court on February 8, 2023, which was within thirty days after the date of the publication of the final results in the *Federal Register*. Plaintiffs are filing this complaint on February 24, 2023, which is within thirty days from the date of the filing of the Summons in accordance with Rule 6(a)and satisfies the timeliness requirement in accordance with 19 U.S.C. §1516a(a)(2)(A).

## STANDARD OF REVIEW

    7.    This Court reviews final determinations issued by Commerce pursuant to 19 U.S.C. §1675(a) to determine whether they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19

*APB Trading, LLC et al v. United States*
Court No 23-00029
February 21, 2023
Page 4

U.S.C.§1516a(b)(1)(B)(i).

# THE ADMINISTRATIVE PROCESS

7.  On June 1, 2021, Commerce published an opportunity for interested parties to seek administrative review of the AD order. *Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity to Request Administrative Review*, 86 *Fed. Reg.* 29,240 (June 1, 2021). Following requests from interested parties, Commerce initiated the first administrative review of imports of QSP from India during the POR. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 86 *Fed. Reg.* 41,821, 41,823 (Aug. 3, 2021). On September 28, 2021, Commerce selected Antique and Pokarna as mandatory respondents in the first administrative review. Respondent Selection Memorandum (Dep't Commerce Sept. 28, 2021).

8.  Between November 3, 2021 and July 12, 2022, interested parties submitted responses to the Department's questionnaires.

9.  On July 1, 2022 the Department issued its *preliminary results* and caused them to be published in the Federal Register on July 8, 2022. (*Certain Quartz Surface Products from India: Preliminary Results of Antidumping Duty Administrative Review and Partial Rescission of Antidumping Duty Administrative Review; 2019-2021,* 87 Fed. Reg. 40,7886 (July 8, 2022). In this determination, the

*APB Trading, LLC et al v. United States*
Court No 23-00029
February 21, 2023
Page 5

Department assigned a rate of 161.56% for the non-selected respondents, including the exporters and suppliers of importers, the interested parties to this complaint. for the administrative review.

10. Plaintiffs filed case briefs on August 17, 2022 urging Commerce to establish an "All-Others" rate in the final results not based on rates including an AFA component.

11. On January 3, 2023 the Department issued its *final results* and caused them to be published in the Federal Register on January 9, 2023. (*Certain Quartz Surface Products from India: Final Results of Antidumping Duty Administrative Review; 2019-2021*. 88 Fed. Reg. 1,188 (January 9, 2023).) Commerce lowered the "all others" rate from the 161.56% rate calculated in the preliminary results, opting to "pull forward" the 3.19% "all others" rate calculated in the original investigation.

12. In electing to "pull forward" the "all others" rate calculated in the underlying investigation, Commerce did not apply the appropriate export subsidy offset that is required by statute. (19 U.S.C. §1677a(c).)

13. On January 9, 2023, Arizona Tile, LLC and M S International, Inc and PNS Clearance LLC submitted ministerial error comments. On January 10, 2023 plaintiffs submitted ministerial error comments. Both comments addressed the

error to include the legally required export subsidy offset.

14.   On January 24, 2023, Commerce rejected the ministerial error allegation and issued a memorandum declining to take the export subsidy adjustments into account.  *Antidumping Duty Administrative Review of Certain Quartz Surface Products from India:  Allegation of Ministerial Error* (January 24, 2023).

## CLAIMS

### COUNT ONE

15.   The allegations of paragraphs 1 through 14 are incorporated by reference and restated as if fully set forth herein

16.   Commerce has an obligation to calculate rates for the non-selected companies using an expected method if the resultant rate is reasonably reflected of the rates.

17.   The Department must calculate antidumping duty margins as accurately as possible.  *Shandong Huarong General Corp. v. United States*, 159 F. Supp. 2d 714, 719 (Ct. Int'l Trade 2001).  The Department had three data points of calculated rates – the two final rates from the investigation and the final rate not calculated on an AFA basis from this review.  The calculated rate from the investigation to the administrative review for one mandatory respondent declined.  A reasonable method

*APB Trading, LLC et al v. United States*
Court No 23-00029
February 21, 2023
Page 7

needed to take into account all three of these rates and the decline in rates from the investigation to the review would be the simple average of 2.61% prior to the adjustment for the export subsidies

## COUNT TWO

18.  The allegations of paragraphs 1 through 14 are incorporated by reference and restated as if fully set forth herein

19.  Commerce has a statutory obligation to adjust cash deposit rates to take export subsidies into account.  The Tariff Act of 1930, as amended, directs that "{t}he price used to establish export price and constructed export price shall be increased by . . . the amount of any countervailing duty imposed on the subject merchandise . . . to offset an export subsidy."  19 U.S.C. §1677a(c) (emphasis added).  The Federal Circuit has emphasized this obligation by highlighting that the statute's use of "shall" here is intentional and "generally creates 'an obligation impervious to judicial discretion.'"  Changzhou Trina Solar Energy Co. v. United States, 1975 F.3d 1318, 1328 (Fed. Cir. 2020)(citation omitted).  Commerce's omission of the export subsidy offset from the All-Others' cash deposit and assessment rates constitutes a ministerial error because the All-Others rate from the original investigation was not properly copied and duplicated into the Final Results of this review.  Commerce, thus, should have adjusted the Non-Selected Companies'

*APB Trading, LLC et al v. United States*
Court No 23-00029
February 21, 2023
Page 8

cash deposit and assessment rates to account for export subsidy adjustments. Commerce's omission of the export subsidy offset from the Non-Selected Companies' cash deposit and assessment rates is not supported by substantial evidence, and is otherwise contrary to law.

## PRAYER FOR RELIEF

WHEREFOR, the plaintiffs respectfully request that this Court enter judgment as follows:

1. Sustaining counts one to two of plaintiffs' complaint;

2. Remanding this matter to the Department of Commerce for issuance of a determination consistent with the decision of this court;

3. Awarding attorney fees and costs; and

*APB Trading, LLC et al v. United States*
Court No 23-00029
February 21, 2023
Page 9

4. Providing such other relief as the court may deem just and appropriate.

                                             Respectfully submitted,

                                             /s/ David J. Craven

David J. Craven
Craven Trade Law LLC
3744 N Ashland
Chicago, IL 60613
(773) 245-4010
dcraven@craventrade.com

Counsel to Plaintiffs APB Trading, LLC; Cosmos Granite (West) LLC; Cosmos Granite (South East) LLC; Cosmos Granite (South West) LLC; Curava Corporation; DivyaShakti Granites Limited; DivyaShakti Limited; Marudhar Rocks International PVT Ltd; Overseas Manufacturing and Supply Inc. d/b/a Merrimack Stone Industries; Quartzkraft LLP; and Stratus Surfaces LLC

Date February 21, 2023